# Briggs's Appeal.

The orphans' court has power, by a proceeding on petition in the nature of a bill of review, to correct a guardianship account, after confirmation, for errors apparent on its face, or new matter discovered since: although five years have elapsed since the confirmation, and the accountant has died in the mean time.

THIS was an appeal by Caroline E. Briggs, administratrix of David M. Briggs deceased, who was the guardian of the minor children of Joseph Briggs deceased.

An application was made the 4th of February 1835, to open this account and charge the estate of Joseph Briggs with the sum of 264 dollars 23 cents, with interest from the 11th of September 1817.

The following petition and affidavit were made at the instance of Mary B. Knox, administratrix of Joseph Knox deceased, who was one of the administrators of David M. Briggs deceased.

To the honourable the judges of the orphans' court of Cumberland county.

Armstrong D. Briggs in his own right, and also on behalf of Joseph W. Briggs, his brother, and Michael G. Ege and Ann M. Ege his wife, late Ann M. Briggs, his sister,

Humbly represent,—That your petitioner, and his said brother and sister, are the children of David M. Briggs, late of the borough of Carlisle, who died intestate some time in the year 1813, leaving all his said children infants.

Joseph Knox and David Walker were appointed administrators of the estate of said decedent; and Joseph Briggs, Thomas Fisher, Matthew Irvine, Dr James Gustine and James Given were appointed guardians over the persons and estates of your petitioner and his said brother and sister. The said administrators obtained a judgment, No. 311, of August term 1817, in the court of common pleas of the said county of Cumberland against Ralph Berkshire, administrator of Jonathan Hoge deceased, for the sum of 264 dollars 23 cents, with interest from the 11th of September 1817. The said Jonathan Hoge died in the state of Virginia and left no personal estate in the state of Pennsylvania, as your petitioner believes, but he died seised of a tract of land situate in Silver Spring township, Cumberland county, containing about two hundred and forty acres, as your petitioner believes, which at the date of the aforesaid judgment, and for three or four years thereafter was and remained under the control and management of the said Ralph Berkshire, administrator as aforesaid, under whom the tenants held, and by whose order and direction they delivered products thereof for four years, from the year 1817, to the said Joseph Briggs one of the guardians of your

petitioner and his said brother and sister. The value of the proceeds of the said tract of land delivered to the said Joseph Briggs as aforesaid, your petitioner has been informed and believes exceeded upon an average the sum of 200 dollars per year during the four years aforesaid. On the 30th of July 1818, the said Ralph Berkshire drew his order upon and directed to the said Joseph Briggs, requesting him to pay to Joseph Knox, one of the administrators of the said David M. Briggs deceased, the amount of the aforesaid judgment, with interest and costs, which order was presented by the said Joseph Knox to, and accepted by, the said Joseph Briggs, by his indorsement on said order. The said Joseph Knox, after the death of David Walker his co-administrator, to wit, on the 14th of September 1826, presented his acccount as surviving administrator of the said David M. Briggs to this honourable court, in which he charged himself with the aforesaid judgment in the following terms, viz: " also with the debt due from the estate of Jonathan Hoge deceased, and still outstanding, which was to have been paid by Joseph Briggs, one of the guardians of the children of intestate; since liquidated upon trial before referces the 11th of September 1817, 264 dollars 23 cents," and which account was allowed and confirmed by said court. The said Joseph Knox died some time in the month of September 1827. The said Joseph Briggs also died some time in the month of November 1829. On the 22d of March 1830, Caroline E. Briggs and Christian Stayman, to whom letters of administration on the estate of the said Joseph Briggs deceased had been granted, presented and passed a guardianship account of the said Joseph Briggs, of his guardianship of your petitioner and his said brother and sister before the register of said county, which was presented to this honourable court, and allowed and passed by them on the 12th of May 1830. In which account the aforesaid judgment or the money due and payable thereon, was not charged against the estate of the said Joseph Briggs deceased. Your petitioner is the eldest of the children of the said David M. Briggs deceased, and he arrived at the age of twenty-one years in the month of July 1831; his brother, the said Joseph W. Briggs, arrived at the age of twenty-one years in the month of August 1832; and his sister, the said Ann M. Ege, was intermarried with the said Michael G. Ege in the month of March 1831, and arrived at the age of twenty-one years in the month of November 1833, and her said husband arrived at the age of twenty-one years some time in the latter part of the year 1831, or early part of 1832. The aforesaid order of the said Ralph Berkshire, upon the said Joseph Briggs in favour of the said Joseph Knox, your petitioner has been informed and believes, having been mislaid in the lifetime of the said Joseph Knox, was not found by his administrator, until within less than one year last past, and that your petitioner had no knowledge of the existence of said order and acceptance, until a few weeks past, nor does he believe that his said brother and brother-in-law and sister, had any knowledge of its

existence until after your petitioner obtained a knowledge of its existence. From all the foregoing facts and circumstances, which your petitioner believes to be true, and which he is prepared to prove, he believes the guardianship account of the said Joseph Briggs, settled after his decease by his administrator as aforesaid, is incorrect and erroneous, and that the estate of the said Joseph Briggs ought, in truth and justice, to have been debited with the amount of the aforesaid judgment against the estate of the said Johnathan Hoge deceased, which he had agreed to pay by his acceptance of the order aforesaid, and the amount of which the petitioner believes came to his hand, in his lifetime, by the receipt of the rents and profits of the real estate of the said Jonathan Hoge, as aforesaid. Your petitioner, therefore, prays your honours to grant a rule upon the administrators of the said Joseph Briggs deceased, to appear and show cause why the guardianship account of the said Joseph Briggs, as guardian of your petitioner, and his said brother and sister settled by said administrator, shall not be opened and corrected by debiting the estate of the said Joseph Briggs with the amount of the aforesaid judgment, or to grant such other relief in the premises as may be just, equitable and right.

On the part of Mr Knox's estate. There was then given in evidence the judgment, Joseph Knox administrator of David M. Briggs *v.* Jonathan Hoge administrator, No. 311, August term 1817, judgment entered September 1817, for 264 dollars 23 cents.

July 30th, 1818, order of R. Berkshire, in favour of Joseph Knox on Joseph Briggs, to pay the above judgment indorsed, "accepted, Joseph Briggs."

The deposition of Samuel Fisher was then read, the substance of which was, That he was the tenant of the Hoge farm, under Berkshire; that Joseph Briggs was the agent of Berkshire, and received the rents, equal to about 200 dollars per annum, for four years, from 1817 till 1821.

On the part of the respondents, there was shown a number of receipts, for money paid by Joseph Briggs to and for Berkshire, and the heirs of Hoge, and an old account book, indorsed, "Book of accounts in favour of the heirs of Jonathan Hoge deceased." This book was kept in leger form, and imperfectly, and at the end of it there was this entry: "Due the heirs of Jonathan Hoge, on settlement, 57 dollars 40 cents. October 20th, 1821.      Josep."

On the 1st day of August 1821, R. Berkshire drew an order on Joseph Briggs, in favour of D. M. Hoge, to pay him all rents due, and on the 20th of October 1821, David M. Hoge gave this receipt:

"Received, of Joseph Briggs, all the rents of the estate of Jonathan Hoge deceased, of Cumberland county, up to the 20th of October 1821.      David M. Hoge."

Joseph Knox settled an account of his administration of David Briggs's estate, in September 1826, in which he charges himself with the amount of the judgment against Hoge's administrator, as

outstanding. He also sets out in that account the amounts of moneys that he had paid at different times to the guardians of the minor children; but, in that part of the account, nothing is said about the judgment against Hoge's estate.

It appeared also that the administrator of Joseph Briggs had settled an account of the administration of his estate, and there was a balance of 316 dollars in the hands of Christian Stayman. On the 3d of February 1835, he represented that fact to the orphans' court, and that the said balance of 316 dollars had been paid over by him to the heirs of the said Joseph Briggs, and exhibited the evidence of it, and the orphans' court then discharged him from his office of administrator of Joseph Briggs.

May 6th, 1835. The court decreed that the account should be opened, and the administrator of Joseph Briggs, guardian of the three minor children of David Briggs deceased, should be charged with the amount of the said order, 264 dollars 23 cents, with interest from the 11th of September 1817.

The account decreed to be opened was filed the 22d of March 1830, and exceptions were filed to it by the wards, which were passed upon by the orphans' court who confirmed the account on the 12th of May 1830.

The error assigned was; That the court erred in opening the account, and charging the estate of Joseph Briggs deceased, who had been the guardian.

*Watts*, for appellant, contended, that a court of Chancery would not open an account upon a bill of review, after the lapse of such time as necessarily obscures the truth; and cited Kuns *v.* Bloodgood, 7 *Johns. Chan.* 90; Goodrich *v.* Pendleton, 3 *Johns. Chan.* 386; Metz's Appeal, 11 *Serg. & Rawle* 205; M'Coy's Appeal, 15 *Serg. & Rawle* 57.

*Biddle*, for appellee, cited, on the same point, 2 *Madd. Chan.* 461; Blount *v.* Darrach, 14 *Serg. & Rawle*, 188, *in note*; Bowman *v.* Executors of Herr, 1 *Penns. Rep.* 284; Guyer *v.* Kelly, 2 *Binn.* 299; 1 *Ves.* 207; 1 *Vern.* 131, 135; *Prac. in Chan.* 260; 2 *Madd. Chan.* 536.

The opinion of the Court was delivered by

SERGEANT, J.—The orphans' court, in analogy to the practice of chancery, has power, by a proceeding on petition in nature of a bill of review, to correct an account, after confirmation, for errors apparent on its face, or new matter discovered since. Great injustice might take place if this power were denied them. At the same time, it is requisite that this discretion be exercised with great caution, and only within a reasonable time, otherwise accounts never would be at rest. In the case before us the remedy was sought on the ground of matter newly discovered, and therefore falls within the

established rule. On the merits, it is clear that Joseph Briggs received money belonging to the estate of David M. Briggs, for which he has never accounted; of this, his acceptance, and the absence of any proof of payment, are conclusive evidence. The allegation of the children is, that he received and held it as their guardian, and could not, therefore, avail himself of the statute of limitations. The appellants contend, that even if liable, it was a legal claim against him, founded on the acceptance, recoverable in a suit by the payee, Joseph Knox, as administrator, in which Joseph Briggs could have pleaded the statute. If Joseph Knox could have recovered the amount in an action on the acceptance, the statute of limitations, after a lapse of six years, would be a bar, of which the appellants could not be deprived by the allegation of a trust. But Joseph Briggs was guardian, and as such entitled to hold this money for the wards until their majority, unless wanted by the administrator for payment of debts. There is no evidence that this was the case. Joseph Briggs, therefore, having held it in his hands, must be considered as doing so in the capacity of guardian, and bound to account for it to the children.

Decree affirmed.